UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GETIYE ASCHALEW DUBALE,            )
                                    )
        Plaintiff,                  )  Case No.: 2:14-cv-00515-GMN-GWF
  vs.                                 )
                                    )  **ORDER**
NEVADA DEPARTMENT OF                )
CORRECTIONS, *et al.*,              )
                                    )
        Defendants.                 )
                                    )

Pending before the Court is the Motion for Summary Judgment (ECF No. 28) filed by Defendants Jennifer Nash ("Nash") and Delano Bassard ("Bassard") (collectively "Defendants"). Plaintiff Getiye Aschalew Dubale ("Plaintiff"), *pro se*, filed a Response (ECF No. 36), and Defendants filed a Reply (ECF No. 39). For the reasons addressed below, Defendants' Motion for Summary Judgment is **GRANTED**.[1]

**I.**    **BACKGROUND**

Plaintiff is a naturalized citizen and former inmate of the Nevada Department of Corrections ("NDOC") formerly incarcerated at High Desert State Prison ("HDSP"). (Am. Compl. at 12, ECF No. 14; Mot. Summ. J. 2:13–14, ECF No. 28). During the summer of 2013, the NDOC employed Plaintiff in the HDSP education department. (Am. Compl. at 4; Mot.

---

[1] The Court notes that the complaint fails to state a claim against purported defendant NDOC. The Amended Complaint names NDOC in the case caption, but Plaintiff does not list NDOC as a defendant in the body of the Amended Complaint. "Plaintiff must include each defendant to be named in the complaint in the list of defendants in the body of the complaint. Merely listing a defendant in the caption has no effect." *Daniels v. Neven*, No. 2:09-cv-01906-RLH-RJJ, 2010 WL 3385366, at *2 (D. Nev. Aug. 23, 2010). Moreover, Plaintiff fails to include any allegations within the Amended Complaint against NDOC, and even if he had, as a state actor NDOC cannot be sued in a § 1983 action for damages. *Rossi v. Nev. Dep't of Corr.*, 390 F. App'x 719, 720 (9th Cir. 2010). Accordingly, the Amended Complaint fails to state a claim for relief against NDOC. This Order therefore dismisses all remaining parties.

Summ. J. 3:18–20). At the end of the summer session, Plaintiff was informed that his services were no longer required. (Am. Compl. at 4; Mot. Summ. J. 3:21–23). Plaintiff later returned to his position in the fall of 2013 until the NDOC terminated him on September 10, 2013. (Mot. Summ. J. 4:1–2; Notice of Charges, ECF No. 28-3). Plaintiff alleges that during his employment at HDSP Defendants violated his civil rights by excluding him from work because of his race and national origin and by ultimately causing his termination. (Am. Compl. at 4–5).

Specifically, Plaintiff alleges two separate counts of violations to his civil rights against Defendant Nash, HDSP Assistant Warden, and Defendant Bassard, an HDSP correctional officer. (Order 3:11–12, 5:19–22, ECF No. 13). In Count I, Plaintiff alleges discrimination on the basis of his race and national origin in violation of the Equal Protection Clause of the Fourteenth Amendment. (Am. Compl. at 4). In Count II, Plaintiff alleges retaliation for grievances filed based on the same conduct alleged in Count I. (*Id.* at 5). The Court's screening order permitted Plaintiff to proceed against both Defendants Nash and Bassard on Count I and against Defendant Bassard alone on Count II. (Order 4:7–15, 5:9). The Court dismissed all remaining defendants. (*Id.*).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th

Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual

data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

As an initial matter, due to Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In the instant Motion, Defendants argue that they are entitled to summary judgment as to all of Plaintiff's claims.  The Court will address each claim in turn.

### A. Count I; Equal Protection

Count I of Plaintiff's Amended Complaint alleges that Defendants "violated [his] civil rights by treating [him] different than any other citizens by exclud[ing him] from work solely on racial grounds." (Am. Compl. at 4, ECF No. 14).

"Racial discrimination in prisons and jails is unconstitutional under the Fourteenth Amendment, except for 'the necessities of prison security and discipline.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Cruz v. Beto*, 405 U.S. 319, 321 (1972)).  Further, to succeed on a discrimination claim, a prisoner must show that the defendant acted with a discriminatory intent or purpose to discriminate against him based upon his membership in a protected class. *Washington v. Davis*, 426 U.S. 229, 240 (1976);  *Serrano v. Francis*, 345 F.3d

1071, 1082 (9th Cir. 2003). Intentional discrimination occurs when a defendant acted "at least in part *because of* a plaintiff's protected status." *Serrano*, 345 F.3d at 1082.

To avoid summary judgment, a plaintiff "must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated." *Bingham v. City of Manhattan Beach*, 329 F.3d 723, 732 (9th Cir. 2003). Further, when a plaintiff alleges he was targeted because of his membership in a protected class, the plaintiff must show that the defendant's actions "result[ed] in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999); *see, e.g.*, *Remeidio v. Woodford*, 173 Fed. App'x 636, 638 (9th Cir. 2006).

Here, Plaintiff alleges that he received "disparate [treatment] because of his national origin." (Am. Compl. at 3). On this point, Plaintiff alleges that Defendant Bassard "profiled [him] because of [his] national origin by making hostile remarks" including "makeing [sic] fun [of his] accent." (*Id.* at 4). Further, Plaintiff alleges that Defendant Bassard denied him access to the education building where he worked but allowed another inmate to enter and work. (*Id.*). In addition, Plaintiff alleges that Defendant Nash knew of Defendant Bassard's discriminatory practices and allowed them to continue. (*Id.* at 5). However, Defendant Bassard asserted that Plaintiff was dismissed from his position because "[t]here was not enough work for all of the education workers to remain employed during the summer months." (Inmate Grievance Rep. at 2, ECF No. 28-5). Moreover, Defendant Bassard stated that while inmates who worked as "porters" were retained throughout the summer to complete maintenance work on the education building, Plaintiff was told "that once the fall session began, he would be able to return to his duties as math tutor." (Bassard Decl. 2:12–14, ECF No. 30-1).

Plaintiff has not provided any evidence contradicting Defendant Bassard's account or otherwise showing that his decisions were based, even in part, on Plaintiff's race or national

origin. Therefore, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendants acted "with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano*, 345 F.3d at 1082. As such, the Court grants Defendants' Motion for Summary Judgment in regard to the equal protection claim.

### B.  Count II; Retaliation

Count II of Plaintiff's Amended Complaint alleges that Defendant Bassard retaliated against him "because the Plaintiff brought a [discrimination] charge against correctional officer [Defendant] D. Bassard." (Am. Compl. at 3).

Prisoners have a First Amendment right to file prison grievances. *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567–68. Furthermore, to succeed on a claim of First Amendment retaliation, a prisoner must show that the protected conduct was a "'substantial' or 'motivating' factor" in a defendant's alleged retaliatory decision. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (quoting *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977)). A prisoner must also demonstrate that the defendant's action caused injury; that is, that the alleged retaliatory action actually had a "chilling effect" on the

prisoner's exercise of his First Amendment rights. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

In light of the evidence provided by Defendants, the Court finds that Plaintiff is unable to establish a likelihood of success on the merits for his retaliation claim. Plaintiff alleges that Defendant Bassard received Plaintiff's complaint of discrimination against him, "got upset and mad," and threatened to fire Plaintiff and "send [him] to the hole." (Am. Compl. at 5). Plaintiff further alleges that Defendant Bassard orchestrated a "cover up" and a "bogus write up" to "get rid of [Plaintiff]." (*Id.*). Although Plaintiff was ultimately discharged from his employment with the education department on September 9, 2013, Plaintiff did not file his first grievance against Defendant Bassard until September 13, 2013. (Notice of Charges, ECF No. 28-3; NDOC Informal Grievance, ECF No. 28-4). Because Plaintiff's termination predates his first grievance filing, Plaintiff's complaints of discrimination against Defendant Bassard could not have been a substantial or motivating factor in his dismissal from the education department. Further, Defendant Bassard asserts that the Clark County School District Principal informed him that Plaintiff "was not a good fit" to work in the education department because of his "lack of steady work ethic" and failure to "follow[] directions that were giv[en] to him during a specific task." (Notice of Charges). Because Plaintiff has not provided any evidence that either demonstrates protected conduct for which he was retaliated against or contradicts Defendant Bassard's account, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendant Bassard retaliated against Plaintiff. Accordingly, the Court grants Defendants' Motion for Summary Judgement in regard to the retaliation claim.

/ / /

/ / /

/ / /

/ / /

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 28) is **GRANTED.**

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __25__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge